# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

              Plaintiff-Respondent,

v.                                    **MEMORANDUM OF LAW & ORDER**
                                      Criminal File No. 10-69 (MJD/JJK)
                                      Civil File No. 13-1140 (MJD)

(16) MIGUEL ANGEL GARCIA,

              Defendant-Petitioner.

Steven L. Schleicher, Assistant United States Attorney, Counsel for Plaintiff-
Respondent.

Miguel Angel Garcia, pro se.

## I.     INTRODUCTION

This matter is before the Court on Petitioner Miguel Angel Garcia's pro se

Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody.  [Docket No. 813]

## II.    BACKGROUND

On March 18, 2010, an Indictment was filed in the District of Minnesota

charging Walter Ochoa and 14 others in a drug conspiracy case.  [Docket No. 29]

1

A Superseding Indictment was filed on May 19, 2010.  [Docket No. 346]

Petitioner was indicted on Count 1, Conspiracy to Distribute and Possess with

Intent to Distribute.

On August 31, 2010, Petitioner pled guilty to Count 1 of the Superseding

Indictment, Conspiracy to Distribute and Possess with Intent to Distribute, in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.

At the June 7, 2011 sentencing hearing, Petitioner contested the drug

quantity used to calculate his base offense level and his safety valve eligibility.

The Court determined that the applicable Guidelines were as follows:

| | |
|---|---|
| Total Offense Level: | 36 |
| Criminal Category: | I |
| Imprisonment Range: | 188 to 235 months |
| Supervised Release: | 5 years |
| Fine Range: | $20,000 to $4 million |
| Special Assessment: | $100 |

On June 8, 2011, the Court sentenced Defendant to a term of 188 months, at

the low end of the Guideline range, followed by five years of supervised release.

[Docket No. 703]

Petitioner's attorney, Aaron J. Morrison, filed a Notice of Appeal on behalf

of Petitioner on June 14, 2011.  [Docket No. 711]  Morrison continued to represent

Petitioner on appeal.  On April 4, 2012, the Eighth Circuit affirmed the judgment

of this court.  In its opinion, the Eighth Circuit addressed Petitioner's application

for safety valve relief, and held that there was no error in the Court's finding that

Petitioner was ineligible for safety valve.  United States v. Garcia, 675 F.3d 1091,

1095 (8th Cir. 2012). The appellate court also addressed Petitioner's sentence, and

held that it was substantively reasonable.  Id.

Petitioner has now filed a pro se Motion to Vacate, Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § 2255.  [Docket No. 214]

### A.     Petitioner's Stated Grounds for Relief

Petitioner lists four grounds for his habeas petition.  First, Petitioner

asserts that the Court erred in its drug quantity determination by relying on

testimony of a case agent who summarized statements by Petitioner's non-

testifying co-defendants.  Second, he asserts that the Court's drug quantity

determination is invalid because the drug quantity was never pleaded in the

indictment and was not proven beyond a reasonable doubt at trial.  Third,

Petitioner asserts ineffective assistance of counsel.  Fourth, he claims that the

Court erred in denying his application for safety valve.

## III.   DISCUSSION

### A.   Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.  A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

Alternatively, the procedural default can be excused if the defendant is actually

innocent.  Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion,

"[u]nless the motion and the files of the case conclusively show that the prisoner

is entitled to no relief."  28 U.S.C. § 2255(b).

[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to

4

relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

**B.     Whether the Petitioner's Drug Quantity Was Properly Calculated Based on Summarized, Out of Court Co-Defendant Statements**

Petitioner asserts that the Court improperly calculated his drug quantity—and, in turn, his base offense level—by considering hearsay statements in its calculation.  Specifically, Petitioner alleges that it was error for the Court to consider Special Agent Sean Harris' testimony at the evidentiary hearing held on Petitioner's objection to the drug quantity in the Pretrial Services Report ("PSR") because Harris' testimony "was all 'hearsay' and vouched for four codefendants that were never confronted by petitioner."  (Pet'r's § 2255 Mot., at 3.)  Defendant also argues that the drug quantity determination is invalid under Alleyne v. United States, 133 S. Ct. 2151 (2013), and Apprendi v. New Jersey, 530 U.S. 466 (2000), because the quantity was neither pleaded in the Indictment nor proved beyond a reasonable doubt at trial.

### 1.    Whether These Grounds Represent Cognizable Claims under 28 U.S.C. § 2255

A collateral attack under § 2255 is "severely limited." <u>Sun Bear v. United States</u>, 644 F.3d 700, 704 (8th Cir. 2011). Questions of guideline interpretation fall short of a "miscarriage of justice," and therefore do not present proper claims under § 2255. <u>Id.</u> The Eighth Circuit in <u>Sun Bear</u> held that there was no miscarriage of justice when a defendant was erroneously sentenced as a career offender because he was still sentenced within the statutory limits of the offense. <u>Id.</u> at 705.

Considering <u>Sun Bear</u>, the Court concludes that Petitioner's claim regarding the sentencing guidelines is not cognizable under § 2255. Petitioner raises a miscalculation of the guidelines, which is not a "miscarriage of justice" und § 2255. Furthermore, even if Petitioner's guidelines were recalculated, his sentence would still be lawful because the statutory maximum for his offense is life imprisonment, and he received a sentence of 188 months. <u>See</u> 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 846. Therefore, Petitioner's sentence is lawful.

Even if Petitioner's arguments regarding his guideline calculation represented cognizable claims under § 2255, the Court concludes that these

claims would have no merit because (1) hearsay and Confrontation Clause rules

do not apply to sentencing proceedings and (2) the <u>Apprendi</u> and <u>Alleyne</u> cases

do not apply here.

> ### 2. Whether Petitioner's Drug Quantity Determination Violates Hearsay Rules or the Confrontation Clause

Petitioner argues that the Court considered facts established by hearsay

statements and that this renders his guideline calculation invalid.   However,

Rule 802 of the Federal Rules of Evidence, which prohibits the use of hearsay

evidence, does not apply to sentencing hearings and other miscellaneous

proceedings.  Fed. R. Evid. 1101(d)(3).  Therefore, Petitioner's hearsay claim,

even if cognizable under § 2255, is without merit.

The Court concludes that Petitioner's argument regarding the

Confrontation Clause is similarly meritless.  Petitioner asserts that the facts

considered in calculating his drug quantity and base offense level were based

upon testimony summarizing statements of co-defendants of whom he had no

opportunity to confront and cross-examine.

The Sixth Amendment's Confrontation Clause provides that, "[i]n all

criminal prosecutions, the accused shall enjoy the right . . . to be confronted with

the witnesses against him."  Furthermore, testimonial statements of a witness

who did not appear at trial are inadmissible unless the witness is unavailable and

the defendant had a previous opportunity to cross-examine the witness.

Crawford v. Washington, 541 U.S. 36 (2004).

However, the Confrontation Clause does not apply at sentencing.  United

States v. Bentley, 492 F. Supp. 2d 1050 (N.D. Iowa 2007) ("The Eighth Circuit

Court of Appeals has repeatedly held—before and after Crawford—that the

Confrontation Clause does not apply at sentencing.") (listing Eighth Circuit cases

that establish this rule) (citations omitted).  Therefore, the Court concludes that,

even if cognizable under § 2255, Petitioner's claim based upon the Confrontation

Clause is meritless.

### 3.    Whether Petitioner's Drug Quantity Determination Violates Apprendi or Alleyne

Petitioner's final argument with respect to the Court's determination of his

drug quantity and base offense level is based upon the recent Supreme Court

cases of Alleyne and Apprendi. See generally Alleyne v. United States, 133 S. Ct.

2151 (2013); Apprendi v. New Jersey, 530 U.S. 466 (2000).  The Supreme Court

held in Apprendi that "[o]ther than the fact of a prior conviction, any fact that

increases the penalty for a crime beyond the prescribed statutory maximum must

be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530

8

U.S. at 490.  <u>Alleyne</u> then added that "any fact that increases the mandatory

minimum [sentence] is an 'element' that must be submitted to the jury." <u>Alleyne</u>,

133 S. Ct. at 2153.

Alleyne involved a jury findings at trial that supported a five-year

mandatory minimum sentence, but the district court found that the mandatory

minimum sentence was seven years because the defendant in the case

"brandished" a firearm.  <u>See id.</u> at 2163.  Because the judge's finding increased

the mandatory minimum sentence, the Supreme Court held that it needed to be

proven to the jury beyond a reasonable doubt.  <u>Id.</u> at 2163.  However, the case

only applies to "increase[s] in mandatory minimum sentences," and the holding

"does not mean that any fact that influences judicial discretion must be found by

a jury." <u>Id.</u>

Petitioner claims that his sentencing violated <u>Apprendi</u> because the base

offense level was not pleaded in the indictment and it was not proved beyond a

reasonable doubt to a jury.  This argument is without merit because Defendant

was not beyond the statutory maximum, and his drug quantity calculation was

both pleaded to and proven by admission.  Petitioner pleaded guilty to the

indictment, which alleged that he was responsible for 500 grams of a mixture

containing methamphetamine.  (See Plea Agreement, at 2; see generally Plea Tr.,

Docket No. 865.)  Petitioner also admitted this fact during his change of plea

hearing.  (Plea Tr., at 12, 14.)

Apprendi is not violated because the statutory maximum of life

imprisonment is triggered by this 500 gram quantity admitted to and pleaded to

by Petitioner, and life imprisonment is greater than the 188 month sentence

Petitioner received.  Similarly, the sentence does not violate Alleyne because the

statutory mandatory minimum of 120 months is also established by the pleaded

to and admitted to 500 gram quantity, and nothing shows that this minimum

was subsequently increased by additional facts found only by the Court.

Rather, the Petitioner admitted facts that influenced the Court's judicial

discretion "to select a sentence within the range authorized by law," as Alleyne

wholly supports.  See Alleyene, 133 S. Ct. at 2163.  Therefore, the Court

concludes that, even if Petitioner's arguments regarding his sentencing

guidelines were cognizable under § 2255, they would not have any merit.

### C.      Whether Petitioner Received Effective Assistance of Counsel

Petitioner argues that he received ineffective assistance from his trial

counsel because trial counsel allegedly promised Petitioner a sentence of 10 years

imprisonment or less.

### 1.    Ineffective Assistance of Counsel Standard

In order to gain relief for ineffective assistance of counsel, Petitioner must

establish both that his counsel's performance "fell below an objective standard of

reasonableness," and that the deficient performance prejudiced his defense.

Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).  The burden is on

Petitioner to establish a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."

Id. at 694.  "

A reasonable probability is a probability sufficient to undermine

confidence in the outcome."  Id.  "Unless a defendant makes both showings, it

cannot be said that the conviction . . . resulted from a breakdown in the

adversary process that renders the result unreliable."  Id. at 687.  The Court

"need not address the reasonableness of the attorney's behavior if the movant

cannot prove prejudice."  Apfel, 97 F.3d at 1076.

Counsel's performance is deficient if it falls outside of the "wide range of

reasonable professional assistance," although there is a strong presumption that

counsel's conduct falls within this broad spectrum.  Strickland, 466 U.S. at 689.

"Counsel's performance is deficient when it is less competent than the assistance

that should be provided by a reasonable attorney under the same

circumstances." <u>Chambers v. Armontrout</u>, 907 F.2d 825, 828 (8th Cir. 1990)

(citing <u>Strickland</u>, 466 U.S. at 687).

### 2.    Petitioner's Claim

Petitioner claims that his counsel provided ineffective assistance by

guaranteeing petitioner that he would not receive more than a 10-year sentence

and by promising that Petitioner would receive the benefits of safety valve

provisions.  Because neither of these things happened, Petitioner claims

ineffective assistance of counsel.  However, Petitioner cannot meet the test

provided in <u>Strickland</u> because (1) the plea agreement shows that Petitioner

knew his sentence was to be imposed at the Court's discretion, that it could

exceed 10 years, and that safety valve eligibility was to be determined by the

Court; (2) at the change of plea hearing, Petitioner acknowledged that he had

been made no promises about his sentence; and (3) the sentencing transcript

shows that Petitioner's safety valve ineligibility resulted from his own actions,

not the actions of his attorney.

First, Petitioner was aware that he could receive greater than a 10-year

sentence because his Plea Agreement indicates that his mandatory minimum

sentence was 10 years with a maximum sentence of life imprisonment.  (Plea

Agreement, at 4.)  He also knew that his sentence was to be imposed at the

Court's discretion, not according to his counsel, and that he would be sentenced

according to the Court's determinations.  (See id. at 4-6.)  Finally, Petitioner was

aware that Court had discretion in sentencing him below the mandatory

minimum if he met the criteria under the safety valve provisions.  (Id. at 6.)

Second, during the plea hearing, Petitioner told this Court under oath that

no promises had been made to him other than what was stated in the plea

agreement.  (Plea Tr., at 10 ("Q.  Have there been any promises made to you

other than what's in the plea agreement and sentencing stipulations that have

been made to you to get you to enter a plea of guilty here today?  A.  No,

absolutely not.").)  If promises had been made, then Petitioner should have

informed the Court at that moment.  Therefore, Petitioner's current argument

that his counsel promised him a certain sentence and safety valve eligibility is

unpersuasive.

Third, Court notes that defense counsel advocated vigorously and

competently for Petitioner, both with respect to his sentence and safety valve

eligibility.  (See Sentencing Tr., Docket No. 731, at 36-41, 49-50, 52-53.)  However,

Petitioner's own actions upon being given a final opportunity to proffer for

safety valve are what prevented his eligibility; this was no act of his attorney. (<u>See</u> Sentencing Tr., 32, 46-48, 55-56.)

Finally, Petitioner cannot show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Assuming Petitioner's counsel did make the alleged promises to Petitioner, Petitioner cannot show that he would have received a more favorable sentence had his counsel not made such alleged promises.  The results of the proceeding would likely have been the same because both Petitioner's sentence and safety valve eligibility were beyond defense counsel's control, and defense counsel argued zealously to maximize what influence he did have over the sentencing result.

Sentencing was at discretion of the Court, and safety valve eligibility was contingent on the actions of Petitioner, the conclusions of the Government, and the Court's determination.  Additionally, the record only indicates that Petitioner proffered to the Government what he believed was the truth.  (<u>See</u> Sentencing Tr., at 48 ("Mr. Morrison: . . . [T]here's just two versions of what the truth is here and ours does not match what the government believes is the truth.").)  Proffering what one believes is the truth is the best course of action in this

circumstance; therefore, there is nothing to suggest that Petitioner would have

chosen a better course of action had his counsel said or done anything

differently.

Based on the foregoing, Petitioner cannot show that his attorney's

representation at sentencing was inadequate.  Nor can she show that he would

have received a more favorable sentence than the sentence imposed if his counsel

had acted differently.

**D.    Whether Petitioner Was Eligible for Safety Valve**

Petitioner also claims that the Court erred in determining that he was

ineligible for safety valve.  Petitioner raised the same safety valve argument in

his appeal to the Eighth Circuit.  See United States v. Garcia, 675 F.3d 1091, 1094

(8th Cir. 2012) ("Garcia first argues that the district court violated his right to due

process by failing to make an independent determination of whether he qualified

for safety valve relief.").  The Eighth Circuit, in turn, made addressed this

argument and affirmed the Court's determination: "We . . . find no error in the

district court's conclusion that Garcia did not qualify for safety valve relief."  Id.

at 1095.

"Issues raised and decided on direct appeal cannot ordinarily be

relitigated in a collateral proceeding based on 28 U.S.C. § 2255."  United States v.

<u>Wiley</u>, 245 F.3d 750, 752 (8th Cir. 2001).  An exception exists "only when petitioners have produced convincing new evidence of actual innocence," and this exception is "rare, and available only in the extraordinary case."  <u>Id.</u> Petitioner makes no claims of actual innocence here.  Therefore, Petitioner's arguments regarding safety valve eligibility are foreclosed.  Accordingly, the Court concludes that it cannot consider Petitioner's safety valve argument.

### E.      Certification of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  With regard to the Court's decisions on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Id.</u>  Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

1.     Petitioner Miguel Angel Garcia's pro se Motion under 28
       U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a
       Person in Federal Custody [Docket No. 813] is **DENIED**.

2.     The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 10, 2014          s/ Michael J. Davis
                                   Michael J. Davis
                                   Chief Judge
                                   United States District Court